UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| LMCHH PCP, LLC and LOUISIANA | * | CHAPTER 11 |
| MEDICAL CENTER AND | * | Bankr. Case No. 17-1-0353-JAB |
| HEART HOSPITAL, LLC | * | |
| | * | |
| _____ | * | |
| | * | |
| CARDIOVASCULAR CARE GROUP, INC. | * | |
| LMCHH PCP, LLC and LOUISIANA | * | |
| HEART HOSPITAL, LLC | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Adv. Pro. No. 17-01033 |
| | * | |
| ECLINICAL WORKS, LLC, CHANGE | * | |
| HEALTHCARE HOLDINGS, INC., | * | |
| NEUROLOGICAL SURGERY OF | * | |
| COVINGTON, PLLC and | * | |
| DR. ALAN M. WEEMS, M.D. | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CHANGE HEALTHCARE'S ANSWER TO
## PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Change Healthcare Holdings, Inc. ("Change Healthcare"), who in response to the First Amended Complaint filed by Cardiovascular Care Group, Inc. ("CCG"), Louisiana Medical Center and Heart Hospital, LLC ("Louisiana Heart"), and LMCHH PCP, LLC ("LMCHH") (collectively the "Plaintiffs"), respectfully represents:

## GENERAL DENIAL

Change Healthcare Holdings, Inc., the named party to the lawsuit, denies all allegations directed against it and denies it is liable to Plaintiffs under any theory because Change Healthcare Holdings, Inc. is not a proper party to the lawsuit. Change Healthcare Solutions, LLC is the successor to Envoy, the party that entered into a contract with Co-Defendant eClinical Works, LLC – not Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. submits this Answer solely to assert its general denial and assert this defense.

## FIRST DEFENSE

Plaintiffs have not alleged any sound basis for the imposition of liability or recovery of damages from Change Healthcare.

## SECOND DEFENSE

Change Healthcare was not a party to any agreement with any of the Plaintiffs and was not a party to the agreement between Defendant eClinicalWorks, LLC ("eCW") and Plaintiff CCG. Accordingly, Plaintiffs' contract based theories of liability against Change Healthcare fail for lack of privity.

## THIRD DEFENSE

Change Healthcare and eCW expressly agreed that the agreement between Change Healthcare and eCW conferred no rights or benefits to any parties other than Change Healthcare and eCW. Therefore, Plaintiffs cannot prevail against Change Healthcare on a third party beneficiary contract theory.

## FOURTH DEFENSE

Claims made by Plaintiffs have been extinguished, in whole or part, by the passage of the applicable prescriptive period.

## FIFTH DEFENSE

To the extent Change Healthcare committed any act or omission causing injury to Plaintiffs, which is denied, the operation of an intervening and/or superseding cause prevents any alleged actions or inactions by Change Healthcare from having proximately caused any alleged injury to Plaintiffs. These intervening and/or superseding causes include the acts or omissions of Defendants Neurological Surgery of Covington, PLLC ("NSC") and Dr. Alan M. Weems in (a) accepting patient check payments for medical services that NSC and Dr. Weems did not perform, (b) failing to disclose the payments to the other Defendants and to Plaintiffs, and (c) refusing to return the unearned payments to LMCHH.

## SIXTH DEFENSE

To the extent Change Healthcare is liable to Plaintiffs under any theory, which is denied, the damages alleged by Plaintiffs are the direct and proximate result of the acts or omissions of Defendants NSC and Dr. Weems as set forth above.

## SEVENTH DEFENSE

Change Healthcare affirmatively asserts the comparative fault of Plaintiffs and co-Defendants. Any judgment obtained by Plaintiffs must be reduced and apportioned in accordance with the doctrine of comparative fault.

## EIGHTH DEFENSE

All claims of Plaintiffs are barred by the doctrines of waiver and estoppel.

## NINTH DEFENSE

To the extent Change Healthcare is liable to Plaintiffs, which is denied, Plaintiffs are prevented from recovering damages for which they have failed to take steps to mitigate their damages.

Change Healthcare reserves the right to further plead such defenses, affirmative defenses, and counter or cross claims as may become necessary or appropriate during this litigation. And now, responding to the individual allegations of the First Amended Complaint (hereinafter the "Complaint"), Change Healthcare respectfully represents:

## ANSWER TO FIRST AMENDED COMPLAINT

1.

Paragraph 1 of the Complaint sets forth Plaintiffs' characterization of the nature of their action, and therefore no answer is required as the Complaint speaks for itself. To the extent the allegations in Paragraph 1 are addressed to Change Healthcare, Change Healthcare denies it is liable to Plaintiffs under any theory.

2.

The allegations in paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

Change Healthcare admits Louisiana Heart filed a petition for relief under Chapter 11 of the Bankruptcy Code and that the case is pending before this Court. The remaining allegations in paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

Change Healthcare admits LMCHH filed a petition for relief under Chapter 11 of the Bankruptcy Code and that the case is pending before this Court. The remaining allegations in paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations in paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

Change Healthcare admits it is a Delaware corporation and its principal place of business is 3055 Lebanon Pike, Nashville, Tennessee 37214.  To the extent the remaining allegations in paragraph 6 are based on publically available information, that information speaks for itself and any inconsistent or contradictory characterizations or allegations are denied.

7.

Upon information and belief, Change Healthcare admits Neurological Surgery of Covington ("NSC") is a professional limited liability company and that Dr. Alan M. Weems owns and operates NSC.  The remaining allegations in paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

Upon information and belief, Change Healthcare admits Dr. Alan M. Weems owns and operates NSC through which Dr. Weems maintains and/or maintained a medical practice.  The remaining allegations in paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations in paragraph 9 of the Complaint state a legal conclusion to which no answer is required.

10.

The allegations in paragraph 10 of the Complaint state a legal conclusion to which no answer is required.  Change Healthcare lacks sufficient information to justify a belief as to the truth of allegations against other defendants and therefore denies those allegations.

11.

The allegations in paragraph 11 of the Complaint state a legal conclusion to which no answer is required.  Change Healthcare denies it is liable to Plaintiffs.

12.

The allegations in paragraph 12 of the Complaint state a legal conclusion to which no answer is required.  Change Healthcare lacks sufficient information to justify a belief as to the truth of allegations against other defendants and therefore denies those allegations.

13.

The allegations in paragraph 13 of the Complaint state a legal conclusion to which no answer is required. Change Healthcare lacks sufficient information to justify a belief as to the truth of allegations against other defendants and therefore denies those allegations.

14.

The allegations in paragraph 14 of the Complaint state a legal conclusion to which no answer is required.

15.

The allegations in paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations in paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein. Change Healthcare further denies it is a party to any agreement between eCW and CCG, any agreement with Plaintiffs or that plaintiffs are third party beneficiaries to any agreement entered into by Change Healthcare.

17.

The allegations in paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein. Change Healthcare further denies that it was a party to any agreement between eCW and CCG.

18.

The allegations in paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations in paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations in paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21.

The allegations in paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations in paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations in paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations in paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations in paragraph 25 of the Complaint are denied for lack of sufficient information to justify a belief therein.

26.

Change Healthcare denies it is a party to any agreement between eCW and CCG, a party to any agreement with Plaintiffs or that plaintiffs are third party beneficiaries of any agreement entered into by Change Healthcare.  Change Healthcare admits only that it performed services for eCW pursuant to a contract entered into between Change Healthcare and eCW, the terms of which speak for itself, and any inconsistent, contradictory or contrary allegations thereto are denied.

27.

The allegations in paragraph 27 of the Complaint are denied for lack of sufficient information to justify a belief therein.

28.

Change Healthcare denies it is a party to any agreement between eCW and CCG, a party to any agreement with Plaintiffs or that Plaintiffs are third party beneficiaries of any agreement entered into by Change Healthcare.  Change Healthcare admits only that it performed services for eCW pursuant to a contract entered into between Change Healthcare and eCW, the terms of which speak for itself, and any inconsistent, contradictory or contrary allegations thereto are denied.

29.

Change Healthcare denies it is a party to any agreement between eCW and CCG, a party to any agreement with Plaintiffs or that Plaintiffs are third party beneficiaries of any agreement entered into by Change Healthcare.  Change Healthcare admits only that LMCHH, NSC and CTS were each assigned a unique mailstop number for patient check payments received via lockbox and Change Healthcare admits it performed services for eCW pursuant to a contract entered into between Change Healthcare and eCW, the terms of which speak for itself, and any inconsistent or contrary allegations thereto are denied.

30.

Change Healthcare denies it is a party to any agreement between eCW and CCG, a party to any agreement with Plaintiffs or that Plaintiffs are third party beneficiaries of any agreement entered into by Change Healthcare.  Change Healthcare admits only that it performed services for eCW pursuant to a contract entered into between Change Healthcare and eCW, the terms of which speak for itself, and any inconsistent, contradictory or contrary allegations thereto are denied.   Change Healthcare admits only that it received patient lockbox enrollment forms from LMCHH, NSC, and CTS, which speak for themselves, and any inconsistent, contradictory or contrary allegations thereto are denied.

31.

Change Healthcare admits only that it received patient lockbox enrollment forms from LMCHH, NSC, and CTS, which speak for themselves, and any inconsistent, contradictory or contrary allegations thereto are denied.

32.

Change Healthcare admits LMCHH designated Bank of America as its deposit account for lockbox payments and provided a bank account number on the patient lockbox enrollment form.  Change Healthcare further states that the enrollment form speaks for itself, and any inconsistent, contradictory or contrary allegations thereto are denied.

33.

Change Healthcare admits NSC designated Regions Bank as its deposit account for lockbox payments and provided a bank account number on the patient lockbox enrollment form. Change Healthcare further states that the patient lockbox enrollment form for NSC speaks for itself, and any inconsistent, contradictory or contrary allegations thereto are denied.

34.

Change Healthcare admits CTS designated JP Morgan Chase Bank as its deposit account for lockbox payments and provided a bank account number on the patient lockbox enrollment form.  Change Healthcare further states that the patient lockbox enrollment form for CTS speaks for itself, and any inconsistent, contradictory or contrary allegations thereto are denied.

35.

Change Healthcare admits only that it provided or made available to eCW posting files and Electronic Remittance Advice forms regarding patient payments received at the Dallas lockbox. Change Healthcare lacks sufficient information to justify a belief as to the truth of the allegations regarding any information provided by eCW to Plaintiffs and therefore denies those allegations.  Change Healthcare denies all other allegations.

36.

The allegations in paragraph 36 of the Complaint are denied for lack of sufficient information to justify a belief therein.

37.

The allegations in paragraph 37 of the Complaint are denied for lack of sufficient information to justify a belief therein.

38.

Change Healthcare admits only that certain payer check payments intended for CTS were inadvertently deposited into NSC's account, that the issue was resolved and CTS received the check payments to which it was entitled.  Change Healthcare further admits that certain patient check payments intended for LMCHH were inadvertently deposited into NSC's account as a result of an inadvertent clerical error, that Change Healthcare has advised LMCHH and identified those check payments and corrected the issue but Dr. Weems and NSC have wrongfully refused to return those check payments to LMCHH.

39.

The allegations in paragraph 39 of the Complaint directed to Change Healthcare are denied.  The remaining allegations in paragraph 39 are not directed to Change Healthcare and no answer is required of Change Healthcare.  To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

40.

The allegations in paragraph 40 of the Complaint directed to Change Healthcare are denied.

41.

The allegations in paragraph 41 of the Complaint directed to Change Healthcare are denied.

42.

The allegations in paragraph 42 of the Complaint directed to Change Healthcare are denied. The remaining allegations in paragraph 42 are not directed to Change Healthcare and no answer is required of Change Healthcare. To the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

43.

The allegations in paragraph 43 of the Complaint are denied.

44.

Change Healthcare denies it made any representations to Plaintiffs about "integration testing." The remaining allegations in paragraph 44 of the Complaint are denied for lack of sufficient information to justify a belief therein.

45.

The allegations in paragraph 45 of the Complaint are denied.

46.

The allegations in paragraph 46 of the Complaint are denied.

47.

Change Healthcare denies that it was party to any agreement with LMCHH and denies the remaining allegations in paragraph 47 of the Complaint.

48.

The allegations in paragraph 48 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare. To the extent a response is required, the allegations in paragraph 48 of the Complaint are denied for lack of sufficient information to justify a belief therein.

49.

Change Healthcare denies that it was party to any agreement with any of the Plaintiffs and denies the allegations in paragraph 49 of the Complaint.

50.

Change Healthcare admits only that certain payer check payments intended for CTS were inadvertently deposited into NSC's account, that the issue was resolved and CTS received the check payments to which it was entitled. Change Healthcare denies that it was party to any agreement with any of the Plaintiffs and denies all remaining allegations in paragraph 50 of the Complaint.

51.

The allegations in paragraph 51 of the Complaint are denied.

52.

Change Healthcare admits only that certain payer check payments intended for CTS were inadvertently deposited into NSC's account, that the issue was resolved and CTS received the check payments to which it was entitled. The remaining allegations in paragraph 52 of the Complaint are denied.

53.

The allegations in paragraph 53 of the Complaint are denied.

54.

The allegations in paragraph 54 of the Complaint are denied.

55.

The allegations in paragraph 55 of the Complaint are denied.

56.

The allegations in paragraph 56 of the Complaint are denied.

57.

Change Healthcare denies that it was a party to any agreement with any of the Plaintiffs and denies the allegations in paragraph 57 of the Complaint regarding Plaintiffs actions for lack of sufficient information to justify a belief therein.

58.

The allegations in paragraph 58 of the Complaint directed to Change Healthcare are denied. Any allegations in paragraph 58 of the Complaint directed to eCW are denied for lack of sufficient information to justify a belief therein.

59.

Change Healthcare denies the allegations in paragraph 59 of the Complaint except that Change Healthcare admits that it provided information to Plaintiffs in an effort to resolve any issues.

60.

The allegations in paragraph 60 of the Complaint are denied.

61.

Change Healthcare admits only that LMCHH requested that future payments intended for LMCHH's account be deposited into its account and requested assistance from Change Healthcare in identifying any payments inadvertently deposited in NSC's account.   Change Healthcare denies all other allegations in paragraph 61 of the Complaint.

62.

Change Healthcare admits only that it investigated and corrected the issue affecting the patient check payments designated for LMCHH's bank account.

63.

The allegations in paragraph 63 of the Complaint are denied.

64.

Change Healthcare admits only that it investigated and corrected the issue affecting the patient check payments designated for LMCHH's bank account and advised LMCHH and/or Louisiana Heart of the same.  All remaining allegations in paragraph 64 of the Complaint are denied.

65.

Change Healthcare admits only that it provided eCW and CCG records and information identifying check payments that were inadvertently deposited into NSC's bank account.  Change Healthcare lacks sufficient information to justify any belief as to what information eCW provided to Plaintiffs.

66.

The allegations in paragraph 66 of the Complaint are denied.

67.

Change Healthcare admits only that patient check payments designated for LMCHH were inadvertently deposited into NSC's bank account from on or about October 2014 to on or about April 8, 2016, and admits that a representative of LMCHH contacted Change Healthcare about payments potentially being deposited into an incorrect account in or about March 2016.

68.

Change Healthcare admits that from on or about October 2014 to on or about April 8, 2016, certain check payments designated for LMCHH were deposited into NSC's bank account and that Change Healthcare has provided information regarding the affected payments, including the number and amounts, but otherwise denies the remaining allegations of paragraph 68.

69.

The allegations in paragraph 69 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.  To the extent an answer is required, Change Healthcare denies the allegations in paragraph 69 of the Complaint for lack of sufficient information to justify a belief therein.

70.

The allegations in paragraph 70 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.  To the extent an answer is required, Change Healthcare denies the allegations in paragraph 70 of the Complaint for lack of sufficient information to justify a belief therein.

71.

Upon information and belief, the allegations in paragraph 71 of the Complaint are admitted.

72.

The allegations in paragraph 72 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.  To the extent an answer is required, Change Healthcare denies the allegations in paragraph 72 of the Complaint for lack of sufficient information to justify a belief therein.

73.

The allegations in paragraph 73 of the Complaint are denied for lack of sufficient information to justify a belief therein.

74.

Change Healthcare incorporates herein its answers to paragraphs 1-73 of the Complaint.

75.

The allegations in paragraph 75 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.  To the extent an answer is required, Change Healthcare denies it is liable to Plaintiffs under any theory.

76.

The allegations in paragraph 76 of the Complaint contain a statement of law and are not directed to Change Healthcare and therefore no answer is required.  To the extent an answer is required, Change Healthcare denies it is liable to Plaintiffs under any theory.

77.

The allegations in paragraph 76 of the Complaint contain a statement of law and are not directed to Change Healthcare and therefore no answer is required.  To the extent an answer is required, Change Healthcare denies it is liable to Plaintiffs under any theory.

78.

The allegations in paragraph 78 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.  To the extent an answer is required, Change Healthcare denies it is liable to Plaintiffs under any theory.

79.

The allegations in paragraph 79 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.  To the extent an answer is required, Change Healthcare denies it is liable to Plaintiffs under any theory.

80.

The allegations in paragraph 80 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.  To the extent an answer is required, Change Healthcare denies it is liable to Plaintiffs under any theory.

81.

The allegations in paragraph 81 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.  To the extent an answer is required, Change Healthcare denies it is liable to Plaintiffs under any theory.

82.

The allegations in paragraph 82 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.  To the extent an answer is required, Change Healthcare denies it is liable to Plaintiffs under any theory.

83.

The allegations in paragraph 83 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.  To the extent an answer is required, Change Healthcare denies it is liable to Plaintiffs under any theory.

84.

Change Healthcare incorporates herein its answers to paragraphs 1-83 of the Complaint.

85.

The allegations in paragraph 85 of the Complaint contain a statement of law and, therefore, no answer is required.  To the extent an answer is required, Change Healthcare denies the allegations in paragraph 85 of the Complaint

86.

The allegations in paragraph 86 of the Complaint are denied.

87.

The allegations in paragraph 87 of the Complaint are denied.

88.

The allegations in paragraph 88 of the Complaint are denied.

89.

The allegations in paragraph 89 of the Complaint are denied.

90.

The allegations in paragraph 90 of the Complaint are denied.

91.

The allegations in paragraph 91 of the Complaint are denied.

92.

The allegations in paragraph 92 of the Complaint are denied.

93.

The allegations in paragraph 93 state a legal conclusion and therefore no answer is required.  To the extent an answer is required, the allegations are denied.

94.

The allegations in paragraph 94 of the Complaint are denied.

95.

The allegations in paragraph 95 of the Complaint are denied.

96.

Change Healthcare incorporates herein its answers to paragraphs 1-95 of the Complaint.

97.

The allegations in paragraph 97 of the Complaint are denied.

98.

Change Healthcare admits only that patient check payments designated for LMCHH were inadvertently deposited into NSC's bank account; all other allegations and characterizations are denied.

99.

The allegations in paragraph 99 state a legal conclusion and therefore no answer is required. To the extent an answer is required, Change Healthcare denies the allegations.

100.

The allegations in paragraph 100 of the Complaint are denied.

101.

Change Healthcare incorporates herein its answers to paragraphs 1-100 of the Complaint.

102.

The allegations in paragraph 102 of the Complaint are not directed to Change Healthcare and contain a statement of law; accordingly, no answer is required of Change Healthcare.  To the extent an answer is required, Change Healthcare denies it is liable to Plaintiffs under any theory.

103.

The allegations in paragraph 103 of the Complaint are not directed to Change Healthcare
and no answer is required of Change Healthcare.  To the extent an answer is required, Change
Healthcare denies it is liable to Plaintiffs under any theory.

104.

The allegations in paragraph 104 of the Complaint are not directed to Change Healthcare
and contain a statement of law for which no answer is required of Change Healthcare.  To the
extent an answer is required, Change Healthcare denies it was a subcontractor or party to any
agreement between eCW and CCG.

105.

The allegations in paragraph 105 of the Complaint are not directed to Change Healthcare
and no answer is required of Change Healthcare.  To the extent an answer is required, Change
Healthcare denies it is liable to Plaintiffs under any theory.

106.

The allegations in paragraph 106 of the Complaint are not directed to Change Healthcare
and no answer is required of Change Healthcare.  To the extent an answer is required, Change
Healthcare denies it is liable to Plaintiffs under any theory.

107.

The allegations in paragraph 107 of the Complaint are not directed to Change Healthcare
and no answer is required of Change Healthcare.  To the extent an answer is required, Change
Healthcare denies it is liable to Plaintiffs under any theory.

108.

The allegations in paragraph 108 of the Complaint are not directed to Change Healthcare
and no answer is required of Change Healthcare.  To the extent an answer is required, Change
Healthcare denies it is liable to Plaintiffs under any theory.

109.

Change Healthcare incorporates herein its answers to paragraphs 1-108 of the Complaint.

110.

To the extent the allegations in paragraph 110 of the Complaint are based on publically
available information, that information speaks for itself and any inconsistent, contradictory or
characterizations or allegations are denied.

111.

The allegations in paragraph 111 of the Complaint are denied.

112.

The allegations in paragraph 112 of the Complaint are denied.

113.

The allegations in paragraph 113 of the Complaint are denied.

114.

The allegations in paragraph 114 of the Complaint are denied.

115.

The allegations in paragraph 115 of the Complaint are denied.

116.

Change Healthcare incorporates herein its answers to paragraphs 1-115 of the Complaint.

117.

To the extent the allegations in paragraph 117 of the Complaint are directed to Change
Healthcare the allegations are denied.

118.

The allegations in paragraph 118 of the Complaint directed to Change Healthcare are
denied.

119.

The allegations in paragraph 119 of the Complaint directed to Change Healthcare are
denied.

120.

Change Healthcare lacks sufficient information to justify any belief as to what Plaintiffs
knew or believed, and therefore denies the allegations.

121.

The allegations in paragraph 121 of the Complaint are denied.

122.

Change Healthcare admits only that it investigated the issue and the issue was corrected
and denies any liability to Plaintiffs.

123.

Change Healthcare admits only that it investigated the issue and the issue was corrected and denies the remaining allegations in paragraph 123.

124.

The allegations in paragraph 124 of the Complaint directed to Change Healthcare are denied.

125.

The allegations in paragraph 125 of the Complaint directed to Change Healthcare are denied.

126.

The allegations in paragraph 126 of the Complaint directed to Change Healthcare are denied.

127.

The allegations in paragraph 127 of the Complaint directed to Change Healthcare are denied.

128.

The allegations in paragraph 128 of the Complaint directed to Change Healthcare are denied.

129.

The allegations in paragraph 129 of the Complaint directed to Change Healthcare are denied.

130.

Change Healthcare incorporates herein its answers to paragraphs 1-129 of the Complaint.

131.

The allegations in paragraph 131 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

132.

The allegations in paragraph 132 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

133.

The allegations in paragraph 133 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

134.

The allegations in paragraph 134 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

135.

The allegations in paragraph 135 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

136.

The allegations in paragraph 136 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

137.

The allegations in paragraph 137 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

138.

The allegations in paragraph 138 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

139.

The allegations in paragraph 139 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

140.

The allegations in paragraph 140 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

141.

The allegations in paragraph 141 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

142.

The allegations in paragraph 142 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

143.

Change Healthcare incorporates herein its answers to paragraphs 1-142 of the Complaint.

144.

The allegations in paragraph 144 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

145.

The allegations in paragraph 145 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

146.

The allegations in paragraph 146 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

147.

The allegations in paragraph 147 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

148.

Change Healthcare incorporates herein its answers to paragraphs 1-147 of the Complaint.

149.

The allegations in paragraph 149 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

150.

The allegations in paragraph 150 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

151.

The allegations in paragraph 151 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

152.

The allegations in paragraph 152 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

153.

The allegations in paragraph 153 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

154.

The allegations in paragraph 154 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

155.

Change Healthcare incorporates herein its answers to paragraphs 1-154 of the Complaint.

156.

The allegations in paragraph 156 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

157.

The allegations in paragraph 157 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

158.

The allegations in paragraph 158 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

159.

The allegations in paragraph 159 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

160.

Change Healthcare incorporates herein its answers to paragraphs 1-159 of the Complaint.

161.

The allegations in paragraph 161 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

162.

The allegations in paragraph 162 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

163.

The allegations in paragraph 163 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

164.

The allegations in paragraph 164 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

165.

The allegations in paragraph 165 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

166.

The allegations in paragraph 166 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

167.

The allegations in paragraph 167 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

168.

Change Healthcare incorporates herein its answers to paragraphs 1-167 of the Complaint.

169.

The allegations in paragraph 169 of the Complaint are not directed to Change Healthcare and contain a statement of law; accordingly, no answer is required of Change Healthcare.

170.

The allegations in paragraph 170 of the Complaint are not directed to Change Healthcare and contain a statement of law; accordingly, no answer is required of Change Healthcare.

171.

The allegations in paragraph 171 of the Complaint are not directed to Change Healthcare and contain a statement of law; accordingly, no answer is required of Change Healthcare.

172.

The allegations in paragraph 172 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

173.

The allegations in paragraph 173 of the Complaint are not directed to Change Healthcare and contain a statement of law; accordingly, no answer is required of Change Healthcare.

174.

The allegations in paragraph 174 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.  Change Healthcare further lacks information sufficient to justify a belief as to the truth of allegations regarding LMCHH or Louisiana Heart's solvency.

175.

The allegations in paragraph 175 of the Complaint set forth Plaintiffs' request for relief for which no answer is required.

176.

Change Healthcare incorporates herein its answers to paragraphs 1-175 of the Complaint.

177.

The allegations in paragraph 177 of the Complaint are not directed to Change Healthcare and contain a statement of law; accordingly, no answer is required of Change Healthcare.

178.

The allegations in paragraph 178 of the Complaint are not directed to Change Healthcare and contain a statement of law; accordingly, no answer is required of Change Healthcare.

179.

The allegations in paragraph 179 of the Complaint are not directed to Change Healthcare and contain a statement of law; accordingly, no answer is required of Change Healthcare.

180.

Change Healthcare incorporates herein its answers to paragraphs 1-179 of the Complaint.

181.

The allegations in paragraph 181 of the Complaint are not directed to Change Healthcare and contain a statement of law; accordingly, no answer is required of Change Healthcare.

182.

The allegations in paragraph 182 of the Complaint are not directed to Change Healthcare and contain a statement of law; accordingly, no answer is required of Change Healthcare.

183.

The allegations in paragraph 183 of the Complaint are not directed to Change Healthcare and contain a statement of law; accordingly, no answer is required of Change Healthcare.

184.

The allegations in paragraph 184 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.  Change Healthcare further lacks information sufficient to justify a belief as to the truth of allegations regarding LMCHH or Louisiana Heart's solvency.

185.

The allegations in paragraph 185 of the Complaint are not directed to Change Healthcare and no answer is required of Change Healthcare.

186.

The allegations in paragraph 186 of the Complaint are not directed to Change Healthcare and contain a statement of law; accordingly, no answer is required of Change Healthcare.

187.

The allegations in paragraph 187 of the Complaint set forth Plaintiffs' request for relief for which no answer is required.

## **PRAYER FOR RELIEF**

The remainder of the Complaint sets forth Plaintiffs' prayer for relief for which no answer is required. To the extent a response is required, Change Healthcare denies that it is liable to Plaintiffs under any theory and denies that Plaintiffs are entitled to any relief from Change Healthcare.

All allegations not specifically admitted above are hereby denied.

WHEREFORE, based on the foregoing, Change Healthcare prays that the foregoing Answer be deemed good and sufficient and that, after due proceedings are had that judgment be rendered in its favor dismissing Plaintiffs' claims with prejudice, at Plaintiffs' cost.

Respectfully submitted,

JONES FUSSELL, L.L.P.

/s/ John R. Walker
John R. Walker (#2165)
P.O. Box 1810
Covington, LA 70434
Telephone: (985) 246-7808
Facsimile: (985) 892-4925
johnwalker@jonesfussell.com
*Counsel for Change Healthcare Holdings, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all parties have been served with this pleading by means of email, facsimile, US Mail and/or via the Court's ECF notification system on the 19th day of May, 2017.

/s/ John R. Walker