17-1033UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 17-10353 |
| LMCHH PCP LLC et al. | SECTION "B" |
| DEBTORS | CHAPTER 11<br>Jointly Administered with 17-10354 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CARDIOVASCULAR CARE GROUP, INC, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, LLC, AND LMCHH PCP, LLC | |
| PLAINTIFFS | |
| VERSUS | ADV. P. NO. 17-1033 |
| ECLINICALWORKS, LLC, CHANGE HEALTHCARE HOLDINGS, INC., NEUROLOGICAL SURGERY OF COVINGTON, PLLC, AND ALAN M. WEEMS, M.D. | |
| DEFENDANTS | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER WITH REASONS

This matter came before the Court on the Motion to Dismiss or Alternatively Stay Proceedings filed by eClinicalWorks, LLC ("ECW") **(P-22)** and the Oppositions filed by Cardiovascular Care Group, LLC ("CCG"), Louisiana Medical Center and Heart Hospital, LLC ("Hospital"), LMCHH PCP, LLC ("LMCHH"), Dr. Alan Weems, M.D. ("Weems"), and Neurological Surgery of Covington, PLLC ("NSC").

On August 3, 2016, Cardiovascular Care Group, LLC ("CCG"), Louisiana Medical Center and Heart Hospital, LLC ("Hospital"), and LMCHH PCP, LLC ("LMCHH") filed suit against Dr.

1

Alan Weems, M.D. ("Weems") and Neurological Surgery of Covington, PLLC ("NSC") in the 22nd Judicial District Court, St. Tammany Parish, State of Louisiana entitled "*Cardiovascular Care Group, Inc., et al. v. eClinicalWorks, LLC, et al.,* Case No. 2016-13222" (hereinafter referred to as "CCG State Court Suit").

On February 24, 2017, and before ECW's Exception of Prematurity or Alternate Motion to Stay was ruled upon, the CCG State Court Suit was removed to the District Court pursuant to 28 U.S.C. §1425(a) and §1334(b), and then on April 28, 2017, the District Court transferred the case to Bankruptcy Court because the case relates to the Chapter 11 Bankruptcy filings by Hospital and LMCHH.

The CCG State Court Suit involves billing and collections payments totaling approximately $1,000,000 that were alleged to be incorrectly deposited into an account set up for a medical practice owned and operated by Weems. ECW contends this action should be dismissed or alternatively stayed as subject to arbitration under an arbitration clause included in the Master Services Agreement[1] ("Agreement") between LMCHH and Weems. CCG, NSC, Weems, LMCHH, and Hospital contend that ECW is not a party to the Agreement and thus, has no rights to compel arbitration.

The Court must first consider the terms of the Agreement. "Who is actually bound by an arbitration agreement is a function of the intent of the parties, as expressed in the terms of the agreement."[2] It is apparent that the four corners of the agreement do not grant authority to ECW

---

[1] *See* Doc. 20-17 (The Master Services Agreement contains an arbitration clause mandating that "any Dispute [arising in connection with, or related to, this Agreement], to the maximum extent allowed by applicable law, shall be subject to arbitration in New Orleans, Louisiana . . . .").

[2] *Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347, 355 (5th Cir. 2003); *See Grigson v. Creative Artists Agency, L.L.C.,* 210 F.3d 524, 528 (5th Cir. 2000)(noting that whether a party is obligated to arbitrate is a matter of contract); *Smith/Enron Cogeneration Limited Partnership,*

2

to compel arbitration of this dispute. ECW did not sign the Agreement, nor was it defined as a party in the agreement. "To be enforceable, an arbitration clause must be in writing and signed by the party invoking it . . . [Further, a] [n]onsignatory may invoke an arbitration agreement only when the party ordered to arbitrate has agreed to arbitrate disputes arising out of the contract and is suing in reliance upon that contract."[3]

LMCHH and Hospital's claims against ECW do not arise from the Agreement. CCG relies on a secondary agreement between those parties to assert contractual claims against ECW, but there is no arbitration clause in that second agreement. Additionally, ECW is expressly not a third-party beneficiary of the Agreement or any of its schedules.[4] Accordingly,

**IT IS ORDERED** that the Motion to Dismiss or Alternatively Stay Proceedings is **DENIED**.

New Orleans, Louisiana, June 12, 2017.

_____
Jerry A. Brown
U.S. Bankruptcy Judge

---

*Inc. v. Smith Cogeneration International, Inc.,* 198 F.3d 88, 95 (2d Cir.1999) (noting that whether an entity is a party to the arbitration agreement is included within the broader issue of whether the parties agreed to arbitrate); *McCarthy v. Azure,* 22 F.3d 351, 355 (1st Cir.1994)(noting that federal common law "dovetails precisely with general principles of contract law," and "the judicial task in construing a contract is to give effect to the mutual intentions of the parties") (quoting *NRM Corp. v. Hercules, Inc.,* 758 F.2d 676, 681 (D.C.Cir.1985)).

[3] *Westmoreland v. Sadoux,* 299 F.3d 462, 465 (5th Cir. 2002).

[4] *See* Agreement, §10.4; *see also Stadtlander v. Ryans Family Steakhouses, Inc*, 34,384, p. 6 (La. App. 2 Cir. 4/4/01), 794 So. 2d 881, 887 (plaintiff has standing to enforce an arbitration agreement because she was a third party beneficiary of it).